| STATE OF TENNESSEE 16th JUDICIAL DISTRICT CIRCUIT COURT | **SUMMONS** | CASE FILE NUMBER 25CV-83256 |
|---|---|---|

**PLAINTIFF**

LISA CHANDLER

**DEFENDANT**

vs. AMAZON.COM SALES, INC., et al.

**TO:** (NAME & ADDRESS OF DEFENDANT)

AMAZON.COM SALES, INC.

RA-CORPORATION SERVICE COMPANY 2908
POSTON AVE
NASHVILLE, TN 37203

**List each defendant on a separate summons.**

**YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGE-MENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| **Attorney for plaintiff:** (Name, address & telephone number) R. Christopher Gilreath 223 Rosa L. Parks Ave., Ste 200 Nashville TN 37203 | **DATE ISSUED & ATTESTED** 02/06/2025      12:20:40 PM |
|---|---|
| | MELISSA HARRELL, Circuit Court Clerk BY: _____/s/ Alicia Aerni_____ Deputy Clerk |

**CERTIFICATION**

I, MELISSA HARRELL, Clerk of the Circuit Court of Rutherford County, Tennessee, do certify this to be a true and correct copy of the origianl summons issued in this cause.

BY: _____/s/ Alicia Aerni_____ DEPUTY CLERK

| **TO THE SHERIFF:** Please execute this summons and make your return within thirty days of issuance as provided by law. | **DATE RECEIVED** |
|---|---|
| | **Sheriff** |

**RETURN ON PERSONAL SERVICE OF SUMMONS**

I hereby certify and return that I served this summons together with the complaint as follows:

**DATE OF PERSONAL SERVICE:**

_____
**Sheriff**

BY:

Submit three copies: service copy, defendant's copy, file copy.

Case 3:25-cv-00287   Document 1-1   Filed 03/11/25   Page 1 of 28 PageID #: 9

**ADA COORDINATOR (615-494-4480)**

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes. This the _____ day of _____, 20 _____.

_____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 _____, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant _____, on the _____ day of _____, 20 _____. I received the return receipt, which has been signed by _____ on the _____ day of _____, 20 _____. The return receipt is attached to this original summons to be filed by the Clerk of Court.

**Sworn to and subscribed before me on this _____ day of _____, 20_____.**

Signature of ☐ Notary Public or ☐ Deputy Clerk

_____

My Commission Expires: _____, 20_____.

Signature of plaintiff, plaintiff's attorney or other person authorized by statue to serve process.

### NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:     MELISSA HARRELL, Circuit Court Clerk
              Circuit Civil, Room 106
              116 W. Lytle Street
              Murfreesboro, TN 37130

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

<table>
<tr><td><b>STATE OF TENNESSEE<br>16th JUDICIAL DISTRICT<br>CIRCUIT COURT</b></td><td align="center"><b>SUMMONS</b></td><td><b>CASE FILE NUMBER</b><br>25CV-83256</td></tr>
</table>

| **PLAINTIFF** | **DEFENDANT** |
|---|---|
| LISA CHANDLER | **vs.** AMAZON.COM SERVICES, LLC, et al. |

**TO: (NAME & ADDRESS OF DEFENDANT)**

AMAZON.COM SERVICES, LLC

RA-CORPORATION SERVICE COMPANY 2908
POSTON AVE
NASHVILLE, TN 37203

**List each defendant on a separate summons.**

**YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGE-MENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| **Attorney for plaintiff:**<br>(Name, address & telephone number)<br><br>R. Christopher Gilreath<br>223 Rosa L. Parks Ave., Ste 200<br><br>Nashville TN 37203 | **DATE ISSUED & ATTESTED**<br>02/06/2025          12:20:40 PM<br><br>MELISSA HARRELL, Circuit Court Clerk<br><br>BY: _____/s/ Alicia Aerni_____ Deputy Clerk |

## CERTIFICATION

I, MELISSA HARRELL, Clerk of the Circuit Court of Rutherford County, Tennessee, do certify this to be a true and correct copy of the origianl summons issued in this cause.

BY: _____/s/ Alicia Aerni_____ DEPUTY CLERK

| **TO THE SHERIFF:**<br>Please execute this summons and make your return within thirty days of issuance as provided by law. | **DATE RECEIVED**<br><br>**Sheriff** |

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

**DATE OF PERSONAL SERVICE:**

_____
**Sheriff**
BY:

Submit three copies: service copy, defendant's copy, file copy.

ADA COORDINATOR (615-494-4480)

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes. This the _____ day of _____, 20 _____.

_____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 ____, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant _____, on the _____ day of _____, 20 ____. I received the return receipt, which has been signed by _____ on the _____ day of _____, 20 ____. The return receipt is attached to this original summons to be filed by the Clerk of Court.

**Sworn to and subscribed before me on this** _____

**day of** _____, **20** _____.

Signature of ☐ Notary Public or ☐ Deputy Clerk

_____

My Commission Expires: _____, 20 _____.

Signature of plaintiff, plaintiff's attorney or other person authorized by statue to serve process.

### NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:     MELISSA HARRELL, Circuit Court Clerk
                  Circuit Civil, Room 106
                  116 W. Lytle Street
                  Murfreesboro, TN 37130

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

| STATE OF TENNESSEE 16th JUDICIAL DISTRICT CIRCUIT COURT | **SUMMONS** | CASE FILE NUMBER 25CV-83256 |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| LISA CHANDLER | **vs.** AMAZON.COM SALES, INC., et al. |

**TO:** (NAME & ADDRESS OF DEFENDANT)

AMAZON.COM SALES, INC.

RA-CORPORATION SERVICE COMPANY 2908
POSTON AVE
NASHVILLE, TN 37203

**List each defendant on a separate summons.**

**YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGEMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff: (Name, address & telephone number) | DATE ISSUED & ATTESTED |
|---|---|
| R. Christopher Gilreath 223 Rosa L. Parks Ave., Ste 200 Nashville TN 37203 | 02/06/2025  12:20:40 PM MELISSA HARRELL, Circuit Court Clerk BY: /s/ Alicia Aerni   Deputy Clerk |

**CERTIFICATION**

I, MELISSA HARRELL, Clerk of the Circuit Court of Rutherford County, Tennessee, do certify this to be a true and correct copy of the origianl summons issued in this cause.

BY: /s/ Alicia Aerni   DEPUTY CLERK

| TO THE SHERIFF: Please execute this summons and make your return within thirty days of issuance as provided by law. | DATE RECEIVED Sheriff |
|---|---|

**RETURN ON PERSONAL SERVICE OF SUMMONS**

I hereby certify and return that I served this summons together with the complaint as follows:

**DATE OF PERSONAL SERVICE:**

Sheriff

BY:

Submit three copies: service copy, defendant's copy, file copy.

♿ **ADA COORDINATOR (615-494-4480)**

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes. This the _____ day of _____ , 20 _____ .

_____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _10th____ day of _February__ , 20 _25_ , I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case #_25CV83256_ to the defendant _Amazon.com Sales, Inc.__ , on the ___10th____ day of _February_____ , 20 _25_ . I received the return receipt, which has been signed by _SEE ATTACHED_____ on the _____ day of _February_____ , 20 _25_ . The return receipt is attached to this original summons to be filed by the Clerk of Court.

| | |
|---|---|
| **Sworn to and subscribed before me on this** _____ **day of** _____ **, 20** _____ **.** Signature of ❏ Notary Public or ❏ Deputy Clerk _____ My Commission Expires: _____ **, 20** _____ **.** | Signature of plaintiff, plaintiff's attorney or other person authorized by statue to serve process. |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:    MELISSA HARRELL, Circuit Court Clerk
Circuit Civil, Room 106
116 W. Lytle Street
Murfreesboro, TN 37130

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

SENDER: COMPLETE THIS SECTION

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Amazon.com Sales, Inc.
RA: Corp. Service Company
2908 Poston Ave
Nashville, TN 37203

9590 9402 8380 3156 1427 82

2. Article Number (Transfer from service label)

9589 0710 5270 2074 5731 28

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery
                                        2-2025

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

USPS TRACKING #

9590 9402 8380 3156 1427 82

**United States Postal Service**

NASHVILLE TN 370

24 FEB 2025 PM 3 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Stranch, Jennings, + Garvey
Attn: Kelsey
223 Rosa L. Parks Ave
Suite 200
Nashville, TN 37203

Chandler

| STATE OF TENNESSEE 16th JUDICIAL DISTRICT CIRCUIT COURT | **SUMMONS** | CASE FILE NUMBER 25CV-83256 |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| LISA CHANDLER | **vs.** AMAZON.COM SERVICES, LLC, et al. |

**TO: (NAME & ADDRESS OF DEFENDANT)**

AMAZON.COM SERVICES, LLC

RA-CORPORATION SERVICE COMPANY 2908
POSTON AVE
NASHVILLE, TN 37203

**List each defendant on a separate summons.**

**YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGE- MENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| **Attorney for plaintiff:** (Name, address & telephone number) R. Christopher Gilreath 223 Rosa L. Parks Ave., Ste 200 Nashville TN 37203 | **DATE ISSUED & ATTESTED** 02/06/2025     12:20:40 PM |
|---|---|
| | MELISSA HARRELL, Circuit Court Clerk BY: _____/s/ Alicia Aerni_____ Deputy Clerk |

## CERTIFICATION

I, MELISSA HARRELL, Clerk of the Circuit Court of Rutherford County, Tennessee, do certify this to be a true and correct copy of the origianl summons issued in this cause.

BY: _____/s/ Alicia Aerni_____ DEPUTY CLERK

| **TO THE SHERIFF:** Please execute this summons and make your return within thirty days of issuance as provided by law. | **DATE RECEIVED** **Sheriff** |
|---|---|

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

**DATE OF PERSONAL SERVICE:**

**Sheriff**

BY:

Submit three copies: service copy, defendant's copy, file copy.

ADA COORDINATOR (615-494-4480)

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes. This the _____ day of _____, 20 _____.

_____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the __10th__ day of February____, 20 _25_, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # __25CV83256__ to the defendant Amazon.com Services LLC___, on the ___12th__ day of February_____, 20 _25_. I received the return receipt, which has been signed by _See attached._____ on the __14th____ day of February_____, 20 _25_. The return receipt is attached to this original summons to be filed by the Clerk of Court.

| | |
|---|---|
| **Sworn to and subscribed before me on this** _____ **day of** _____, 20_____. Signature of ❑ Notary Public or ❑ Deputy Clerk _____ My Commission Expires: _____, 20_____. | Signature of plaintiff, plaintiff's attorney or other person authorized by statue to serve process. |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:    MELISSA HARRELL, Circuit Court Clerk
                 Circuit Civil, Room 106
                 116 W. Lytle Street
                 Murfreesboro, TN 37130

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Amazon.com Services LLC
RA: Corp. Service Company
2908 Poston Ave
Nashville, TN 37203

9590 9402 8380 3156 1427 75

2. Article Number (Transfer from service label)

9589 0710 5270 2074 5731 35

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
2-12-25

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt



USPS TRACKING #

NASHVILLE TN 370

12 FEB 2025 PM 3 L

9590 9402 8380 3156 1427 75

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

**SJG**

STRANCH, JENNINGS & GARVEY PLLC

The Freedom Center
223 Rosa L. Parks Ave., Ste 200
Nashville, TN 37203

Attn: Kelsey

Chandler

## IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE

LISA A. CHANDLER,

      Plaintiff,

v.                                                                          No. _____

AMAZON.COM SALES, INC.,                          JURY DEMAND
AMAZON.COM SERVICES LLC., and
ONKEY ELECTRONIC
TECHNOLOGY CO. LTD,

      Defendants.

## COMPLAINT

COMES NOW Plaintiff, Lisa A. Chandler, and hereby files this Complaint for Damages and Jury Trial Demand against Defendants AMAZON.COM SALES, INC., a Delaware corporation, AMAZON.COM SERVICES LLC., a Delaware Limited Liability Company, and ONKEY ELECTRONIC TECHNOLOGY COMPANY LTD, a Chinese corporation or other Chinese business entity, respectfully stating to the Court the following:

### NATURE OF ACTION

1.      Plaintiff, Lisa A. Chandler, brings this action for her personal injuries and damages relating to Defendants' design, testing, manufacture, packaging, labeling, marketing, distribution, supplying, and/or sale to her in the State of Tennessee of a defective OnKey brand heating pad sold by Amazon.

### THE PARTIES

2.      Plaintiff, Lisa A. Chandler, was and is a resident and citizen of the state of Tennessee, residing in Lavergne, Rutherford County, Tennessee.

3. Defendant, Amazon.com Sales, Inc., is a foreign corporation, organized under the laws of the state of Delaware with its principal place of business located in Seattle, Washington.

4. Defendant Amazon.com Sales, Inc., is registered with the office of the Tennessee Secretary of State to do business in the state of Tennessee. The Registered Agent of Defendant Amazon.com Sales, Inc., in the state of Tennessee is, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

5. Defendant, Amazon.com Services LLC, is a foreign limited liability company organized under the laws of the state of Delaware with its principal place of business located in Seattle, Washington.

6. Defendant Amazon.com Services LLC., is registered with the office of the Tennessee Secretary of State to do business in the state of Tennessee. The Registered Agent of Defendant Amazon.com Services LLC, Inc., in the state of Tennessee is Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

7. Pursuant to applicable Tennessee law, Defendant Amazon.com Sales, Inc. and Amazon.com Services LLC [hereinafter "Amazon Defendants"] were the distributors and sellers of the OnKey heating pad sold to Plaintiff.

8. Defendant OnKey Electronic Technology Company, LTD, is a Chinese entity, with a business address of, 4-5 Floor, A2 Building, No. 639 FuSheng Road, DaLange Town, DongGuan, China.

9. Defendant OnKey Electronic Technology Company, LTD is not registered to do business in the state of Tennessee and does not have an office for doing business in the state of Tennessee.

2

10. Defendant OnKey Electronic Technology Company, LTD, uses Amazon.com to sell products it makes in China to consumers in the state of Tennessee and other states in the United States.

## JURISDICTION AND VENUE

11. Defendants Amazon.com Sales, Inc. and/or Amazon.com Services LLC., [hereinafter at times "Amazon Defendants"] marketed the OnKey heating pad on the internet expecting and knowing that some of those products would be purchased by consumers in the state of Tennessee.

12. Defendants Amazon.com Sales, Inc. and/or Amazon.com Services LLC., sold to Plaintiff Lisa A. Chandler, in Rutherford County, Tennessee, the OnKey heating pad that is the subject of this civil action.

13. Defendants Amazon.com Sales, Inc. and/or Amazon.com Services LLC., [hereinafter "Amazon Defendants"] distributed to Plaintiff Lisa A. Chandler, in Rutherford County, Tennessee, the OnKey heating pad that is the subject of this civil action.

14. Defendants Amazon.com Sales, Inc. and/or Amazon.com Services LLC., [hereinafter "Amazon Defendants"] arranged for the delivery to Plaintiff Lisa A. Chandler, in Rutherford County, Tennessee, the OnKey heating pad that is the subject of this civil action.

15. This Court has personal jurisdiction and subject matter jurisdiction as one or both of the Amazon Defendants transacted business in Rutherford County, Tennessee.

16. This Court has personal jurisdiction and subject matter jurisdiction as one or both of the Amazon Defendants committed a tortious act in Rutherford County, Tennessee.

17. Upon information and belief, OnKey Electronic Technology Company, LTD, is not subject to service of process under the laws of the State of Tennessee, and service will not be

3

secured by the long-arm statutes of Tennessee, and, therefore, OnKey Electronic Technology Company, LTD will not be subject to the jurisdiction of this Court.

18. Upon information and belief, the contractual business relationship between the Amazon Defendants and OnKey is such that the Amazon Defendants, if they choose to do so, could influence OnKey to voluntarily subject itself to the jurisdiction of this Circuit Court.

19. Venue is proper in this Court as Plaintiff resides in Rutherford County, Tennessee, and a substantial part of the events giving rise to this claim occurred in Rutherford County, Tennessee.

**FACTUAL ALLEGATIONS**

**PLAINTIFF'S PRODUCT**

20. Plaintiff Lisa A. Chandler was the owner of an OnKey heating pad, Model NO. TK-HP2412. [Photo 1 & 2]



Photo 1          Photo 2

21. Plaintiff's OnKey heating pad has originally been marketed, sold, distributed, and delivered to the State of Tennessee by the Amazon Defendants.

22. On February 8, 2024, Plaintiff Lisa A. Chandler was using her OnKey heating pad when she was seriously burned by the product.

4

23. Upon information and belief, prior to the injury of Plaintiff, Defendants had been placed on notice by other consumers, whose OnKey heating pads had originally been marketed, sold, and distributed by the Amazon Defendants, that these products were malfunctioning, and causing serious burn injuries.

24. Pursuant to the Rules and Regulations of the United States Food and Drug administration [FDA], the OnKey heating pad is classified as a Class II Medical Device.

25. Pursuant to the Rules and Regulations of the United States Food and Drug administration [FDA], the sellers of the OnKey heating pad are subject to reporting requirements of the United States Code of Federal Regulations when it is reported that the product has been the cause of a serious injury.

**ACCRUAL OF PLAINTIFF'S CAUSES OF ACTION**

26. Prior to February 8, 2024, Plaintiff had neither knowledge nor notice that she had a defective OnKey heating pad.

27. On February 8, 2024, Plaintiff's OnKey heating pad malfunctioned.

28. Prior to February 8, 2024, Plaintiff had neither knowledge nor notice that there was any defect in the design, manufacture or labeling of her OnKey heating pad.

29. Prior to February 8, 2024, Plaintiff had neither knowledge nor notice that there was any defect in the design, manufacture or labeling of her OnKey heating pad.

30. Prior to February 8, 2024, Plaintiff had not suffered any injury caused by her OnKey heating pad.

31. Plaintiff's causes of action alleged in this Complaint therefore did not accrue until February 8, 2024.

5

32.     Statements and representations made by Defendants, as set forth in their marketing of the OnKey heating pad, constitute express warranties as to the performance and safety of the OnKey heating pad.

33.     By law certain implied warranties of merchantability and fitness for intended use are applicable to the OnKey heating pad.

34.     The failure of Plaintiff Lisa A. Chandler's OnKey heating pad was a breach of the applicable express warranties of Defendants.

35.     The failure of Plaintiff Lisa A. Chandler's OnKey heating pad was a breach of the applicable implied warranties of Defendants.

**PLAINTIFF'S INJURIES AND DAMAGES**

36.     On or about February 8, 2024, Plaintiff Lisa A. Chandler's heating pad malfunctioned and caused a serious burn injury to Plaintiff, which consisted of areas of first degree, second degree, and third-degree burns.  [Photo 3]



Photo 3

37.     As a direct and proximate result of the conduct of Defendants, as set forth in this Complaint, Plaintiff Lisa A. Chandler sustained injuries and damages including, but not limited to

6

areas of first degree, second degree, and third-degree burns, pain, suffering and permanent damage to her skin, among other injuries.

38.     Plaintiff Lisa A. Chandler's injuries suffered were both factually and proximately caused by the defective product of Defendants.

39.     Plaintiff Lisa A. Chandler's injuries suffered were both factually and proximately caused by the unreasonably dangerous product of Defendants.

40.     Plaintiff Lisa A. Chandler is entitled to recover for all economic and special damages incurred, including but not limited to damages for her medical care and treatment.

41.     Plaintiff Lisa A. Chandler further shows that she is entitled to recover for all noneconomic and compensatory damages allowed by law, including, but not limited to, pain, suffering, and loss of enjoyment of life that she has incurred as a result of the defective product, the follow-up surgery, rehabilitation, and constant pain that occurs as a result of the failure of the product.

## **LIABILITY**

### **COUNT I**
### **NEGLIGENCE**

42.     Plaintiff incorporates by reference as if fully set forth verbatim each and every previous allegation in this Complaint.

43.     Defendants owed a duty of reasonable care to Plaintiff when they designed, manufactured, tested, marketed, distributed, placed into the stream of commerce, and sold the OnKey heating pad.

44.     Defendants owed a duty of reasonable care to Plaintiff when they designed, manufactured, tested, marketed, distributed, placed into the stream of commerce, and sold the

OnKey heating pad to assure that these products were not defective and/or unreasonably dangerous for their intended purposes and foreseeable uses.

45. Defendants breached this duty of reasonable care by designing, manufacturing, testing, marketing, distributing and selling the OnKey heating pad in a defective and unreasonably unsafe condition including, but not limited to, its propensity to overheat and cause serious burn injuries.

46. Defendants breached this duty of reasonable care by designing, manufacturing, testing, marketing, distributing and selling the OnKey heating pad in a defective and unreasonably unsafe condition including, but not limited to, its warnings, such as they are, did not adequately inform or warn consumers that this product could and would cause a serious burn injury, that was not apparent to the ordinary user.

47. Defendants breached this duty of reasonable care by designing, manufacturing, testing, marketing, distributing and selling the OnKey heating pad in a defective and unreasonably dangerous condition in that it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer, with the ordinary knowledge common to the community as to its characteristics.

48. Defendants breached this duty of reasonable care by designing, manufacturing, testing, marketing, distributing and selling the OnKey heating pad in a defective and unreasonably dangerous condition in that, because of its dangerous condition, it would not have been put on the market by a reasonable product manufacturer or seller, assuming that they knew of its dangerous condition.

49. Defendants breached this duty of reasonable care by designing, manufacturing, testing, marketing, distributing and selling the OnKey heating pad in a defective and unreasonably

8

dangerous condition in that it did not comply with the standards in the industry for such products, including, but not limited to, UL 130 Standard for Heating Pads.

50.     Defendants breached this duty of reasonable care by once it or they became aware of consumers receiving serious burn injuries while using this product, they did not report these instances of serious injury to the United States Food and Durg Administration [FDA], as required by applicable sections of the Code of Federal Regulations.

51.     Defendants breached this duty of reasonable care by once it or they became aware of consumers receiving serious burn injuries while using this product, they did not report these instances of serious injury to the United States Consumer Product Safety Commission, [CPSCFDA], as required by applicable Federal Regulations.

52.     Defendants breached this duty of reasonable care by once it or they became aware of consumers receiving serious burn injuries while using this product, it or they did not adequately inform or warn consumers that this product could and would cause a serious burn injury.

53.     Defendants breached this duty of reasonable care in that the warnings provided, such as they are, did not adequately warn consumers that this product could and would cause a serious burn injury.

54.     Defendants owed Plaintiff a duty of reasonable care to discover the defect and to inform and/or warn Plaintiff, further placing Plaintiff at risk for harm and injury.

55.     Defendants owed Plaintiff a duty of reasonable care to discover the defect and to inform and/or warn Plaintiff of the defect once it was discovered, and Defendants failed to do so further placing Plaintiff at risk for harm and injury.

56.     Defendants were negligent in their failure to recall the OnKey heating pad before the date of February 8, 2024.

9

57.     Defendants otherwise were negligent in the particulars set forth in this Complaint, and such negligence was a direct and proximate cause of the incident and injuries set forth herein.

58.     The negligence of Defendants, as set forth in this Complaint, directly and proximately caused the injuries and damages alleged in this Complaint.

59.     Defendants owed a duty of reasonable care to the general public, including Plaintiff, when it manufactured the OnKey heating pad, to assure that that it was:

    a. Manufactured in conformance with its intended design specifications;

    b. Manufactured without defects; and,

    c. Not defective and/or unreasonably dangerous for their intended purposes and foreseeable uses.

60.     Defendants breached their duty of reasonable care to the general public, including Plaintiff, when it manufactured the OnKey heating pad, in that it was:

    a. Not manufactured in conformance with its intended design specifications;

    b. Manufactured with defects; and,

    c. Were defective and/or unreasonably dangerous for their intended purposes and foreseeable uses.

61.     Defendants owed Plaintiff a duty of reasonable care to discover the defect and to inform and/or warn Plaintiff once it or they were discovered, and Defendants failed to do so further placing Plaintiff at risk for harm and injury.

62.     Defendants otherwise were negligent in the particulars set forth in this Complaint, and such negligence was a direct and proximate cause of the incident and injuries set forth herein.

63.     Because OnKey Electronic Technology Company, LTD, is not subject to service of process under the laws of the state of Tennessee, service will not be secured by the long-arm statutes of Tennessee, and, OnKey Electronic Technology Company, LTD will not be subject to

10

the jurisdiction of this Circuit Court, pursuant to applicable Tennessee law, the Amazon Defendants, as the distributor and seller of the product, are liable to the Plaintiff for the injuries and damages caused by this product..

64. The negligence of Defendants, as set forth in this Complaint, directly and proximately caused the injuries and damages alleged in this Complaint.

## COUNT II
## STRICT PRODUCTS LIABILITY

65. Plaintiff incorporates by reference as if fully set forth verbatim each and every previous allegation in the Complaint.

66. The OnKey heating pad was not reasonably safe for its intended uses and was defective as described herein with respect to the design.

67. The OnKey heating pad was unreasonable dangerous at the time that it left the control of Defendants.

68. The OnKey heating pad possessed defective and dangerous characteristics, as described herein, and Defendants failed to use reasonable care to provide an adequate warning of such characteristics and their dangers to consumers and Plaintiff.

69. At the time of the incident set forth herein, the OnKey heating pad was dangerous to an extent beyond that which would be contemplated by the consumer with the ordinary knowledge common as to the product's characteristics.

70. Consumers, including Plaintiff, did not know and should not have been expected to know of the dangerous characteristics of the OnKey heating pad, which had the potential to cause injury and damage.

71. As a direct and proximate result of Defendants' unreasonably dangerous products, Plaintiff sustained serious injuries and was damaged.

11

72. Because OnKey Electronic Technology Company, LTD, is not subject to service of process under the laws of the state of Tennessee, service will not be secured by the long-arm statutes of Tennessee, and, OnKey Electronic Technology Company, LTD will not be subject to the jurisdiction of this Circuit Court,, the Amazon Defendants, as the seller of the product, are the "seller" of the product under Tennessee law, and strictly liable to the Plaintiff for the injuries and damages caused by this unreasonably dangerous product..

73. The conduct of Defendants, as set forth in this Complaint, directly and proximately caused the injuries and damages alleged in this Complaint.

## COUNT III
## BREACH OF WARRANTY

74. Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation in the Complaint.

75. Defendant OnKey warranted, both expressly and impliedly, through its marketing, advertising, distributors and marketing, that the OnKey heating pad was fit for the ordinary purposes and uses for which they were sold.

76. Defendants warranted, both expressly and impliedly, through its marketing and advertising, that the OnKey heating pad was fit for the ordinary purposes and uses for which they were sold.

77. Due to the defective and unreasonably dangerous design and manufacture of the OnKey heating pad, it was neither of merchantable quality nor fit for the ordinary purposes for which it was sold, presenting an unreasonable risk of injury to consumers, including Plaintiff, for expected and foreseeable use.

12

78. The defective and unreasonably dangerous condition of the OnKey heating pad constituted a breach of the express and implied warranties, and such breach was a direct and proximate cause of the incident and injuries described herein.

## COUNT IV
## NEGLIGENCE POST-SALE

79. Plaintiff incorporates by reference as if fully set forth verbatim each and every previous allegation in the Complaint.

80. After Defendants began to receive notice that the OnKey heating pads were causing burn injuries, they did not provide post sale warnings to consumers who had these products.

81. The conduct of Defendants to provide post-sale warnings, as set forth above, was negligent.

82. The conduct of Defendants, as set forth above, directly and proximately caused injuries and damages to Plaintiff.

## CONDUCT MERITING PUNITIVE DAMAGES

83. Plaintiff incorporates by reference as if fully set forth verbatim each and every previous allegation in the Complaint.

84. The acts and omissions of Defendants that constitute intentional, fraudulent, malicious and/or reckless conduct include, but are not limited to:

    a. Not inspecting the OnKey heating pads to assure that they contained adequate warnings to consumers, consistent with the standard in the industry;

    b. Not testing a representative sample of the OnKey heating pads to confirm that they were being manufactured to be reasonably safe for consumer use;

13

c. Not testing a representative sample of the OnKey heating pads to confirm that they were being manufactured in conformance with the generally accepted standards in the industry;

d. Not requiring the inspection and testing of the OnKey heating pads by an independent testing laboratory, such as UL [formerly known as Underwriters Laboratories] to assure that they were being manufactured in conformance with the generally accepted standards in the industry;

e. Not requiring the inspection and testing of the OnKey heating pads by an independent testing laboratory, such as UL [formerly known as Underwriters Laboratories] to assure that they were being manufactured in conformance with published standards in the industry;

f. Continuing to sell and distribute OnKey heating pads after receiving notice that these products were causing serious burn injuries to consumers; and,

g. Not timely reporting to the United States Food and Drug Administration all instances it was aware of where it was alleged that an OnKey heading pad caused serious burn injuries

85. The acts and omission of Defendants, as set forth above, were willful, reckless, wanton, and intentional, and done in such substantial and conscious disregard of risk of harm to consumers, such as Plaintiff Lisa A. Chandler, that it constitutes a gross deviation from the standard of care an ordinary person would use under the circumstances

86. The acts and omissions of Defendants, as set forth herein constitute intentional, fraudulent, malicious and/or reckless conduct. Accordingly, Plaintiff is entitled to an award of punitive damages.

## DAMAGES

87.     As a direct and proximate result of the acts and omissions of Defendants alleged herein, Plaintiff was injured and damaged.  The injuries and damages for which Plaintiff seeks compensation from Defendants include, but are not limited to:

a.  Physical pain and suffering of a past, present and future nature;

b.  Emotional pain and suffering of a past, present and future nature;

c.  Permanent impairment and scarring;

d.  Medical bills and expenses of a past, present and future nature;

e.  Punitive damages;

f.  Pre-judgment and post-judgment interest; and,

g.  All such further relief, both general and specific, to which she may be entitled to under the premises.

## JURY DEMAND

**WHEREFORE**, Plaintiff, Lisa A. Chandler, prays that the Court enter judgment in her favor and against Defendants in an amount commensurate with her damages including compensation, consequential, and exemplary and punitive damages, treble damages, and for any further and additional relief as this Court deems just and proper, plus interest, costs, and attorney fees.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

15

Dated: February 6, 2025          Respectfully submitted,

R. Christopher Gilreath (BPR#18667)
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: 615-254-8801
Facsimile: 615-255-5419
cgilreath@stranchlaw.com

George E. McLaughlin
*Pro Hac Vice* Admission to be Requested
McLaughlin Law Firm, P.C.
1890 Gaylord Street
Denver, CO 80206-1211
Telephone: 720-420-9800
Facsimile: 720-677-7707
GEM@McLLF.com

*Attorneys for Plaintiff*

16